IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

FILED BY ____ D.C.
05 SEP -1  AM 9: 15
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| MI-JACK PRODUCTS, INC.; MJMC, INC.; and ITS TECHNOLOGIES AND LOGISTICS, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.: 05-2114-MAP ) |
| ATLANTIC CONTAINER LINE (USA) LLC, | ) ) ) |
| Defendant and Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| PANTAINER, LTD. and CANADIAN NATIONAL RAILROAD, | ) ) ) |
| Third-Party Defendants. | ) |

## CONSENT ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

Upon motion of the Plaintiffs and with the consent of all defendants, leave is hereby granted to amend the Complaint for the sole purpose of substituting Atlantic Container Lines, AB, for the defendant Atlantic Container Line (USA), LLC. Said amendment shall relate back to the filing of the original Complaint. Substitute Defendant Atlantic Container Lines, AB, has already appeared in this matter, has answered the Original Complaint, and has filed a Third-Party Complaint. Thus, the Defendant Atlantic Container Lines, AB, shall not be required to answer the First Amended Complaint nor shall it be required to refile its Third-Party Complaint, and Plaintiffs shall not be required to issue and return a summons for Atlantic Container Lines, AB. All pleadings hereinafter shall show Atlantic Container Lines, AB, as the Defendant/Third-Party Plaintiff.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  9-7-05

18

SO ORDERED, this _____ day of May, 2005.

*(signature)*
Tu M. Pham
United States Magistrate Judge

Approved as to substance and form:

COZEN O'CONNOR

By: *(signature)* (BY: FCC)
Hunter C. Quick, Esquire
Tennessee Bar No.: 10584
John W. Reis, Esquire
One Wachovia Center, Suite 2100
301 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 376-3400
Fax: (704) 334-3351

CASTLE & BILLINGS, PLC

By: *(signature)*
F. Guthrie Castle, Esquire
Tennessee Bar No.: 9757
109 Tim Warner Building
6555 Quince Road
Memphis, Tennessee 38119
Telephone: (901) 756-6100
Fax: (901) 755-4159

**ATTORNEYS FOR PLAINTIFFS**

BATEMAN GIBSON, L.L.C.

By: *(signature)*
William C. Bateman, Jr. (#7655)
Scott B. Peatross (#18170)
65 Union Ave, Ste 1010
Memphis, TN 38103
Telephone: (901) 526-0412
Fax: (901) 525-8466

**ATTORNEYS FOR DEFENDANT/THIRD-PARTY PLAINTIFF**

McLEARY, DOMICO & KYLE, PLLC

By: *(signature)* Ken Cooper (WITH PERMISSION) (BY: FCC)
Harold W. McLeary, Jr. (#7500)
Kenneth O. Cooper (#20029)
Peabody Tower, Ste 1250
100 Peabody Place
Memphis, TN 38103
Telephone: (901) 312-5555
Fax: (901) 312-5667

**ATTORNEYS FOR THIRD-PARTY DEFENDANTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| MI-JACK PRODUCTS, INC.; MJMC, INC.; and ITS TECHNOLOGIES AND LOGISTICS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ATLANTIC CONTAINER LINES, AB, <br><br> Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> PANTAINER, LTD. and CANADIAN NATIONAL RAILROAD, <br><br> Third-Party Defendants. | Civil Action No.: 05-2114-MAP <br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiffs, Mi-Jack Products, Inc.; MJMC, Inc.; and ITS Technologies and Logistics, LLC, by their counsel, and for their Complaint against defendant, Atlantic Container Lines, AB, aver the following:

### PARTIES

1. Plaintiff Mi-Jack Products, Inc. ("Mi-Jack") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 3111 West 167th Street, Hazel Crest, Illinois 60429.

2. Plaintiff MJMC, Inc. ("MJMC") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 3111 West 167th Street,

Exhibit "A"

Hazel Crest, Illinois 60429.

3. Plaintiff ITS Technologies and Logistics, LLC ("ITS") is a limited liability corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 3111 West 167th Street, Hazel Crest, Illinois 60429.

4. Defendant, Atlantic Container Lines, AB ("Atlantic Container"), is a Swedish corporation organized and existing under the laws of Sweden, with its registered office located at S-403 36, Gothenburg, Sweden.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the plaintiffs and defendant, and the plaintiffs' damages, exclusive of interest and costs, are in excess of $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in this district.

## FACTS

7. Plaintiff ITS is in the business of, inter alia, ramping and deremping containers at the Illinois Central rail yard, located at 590 West Alay in Memphis, Tennessee. To perform this work, ITS operates various pieces of equipment, including MJ 90-90 sideloader cranes, which plaintiff Mi-Jack owns. Plaintiff MJMC provides management services to ITS and Mi-Jack.

8. On December 9, 2003, at the Illinois Central rail yard, one of ITS's employees was

operating an MJ 90-90 sideloader crane owned by Mi-Jack to deramp a large steel container that contained industrial machinery and equipment. This container had been shipped by defendant Atlantic Container. Prior to shipment Atlantic Container had negligently and improperly loaded and packaged this machinery and equipment so that the container was "nose-heavy." Moreover, in addition to being unevenly distributed, this machinery and equipment was not properly blocked and braced to prevent it from shifting inside the container. When ITS's employee attempted to deramp this container, the container overturned onto Mi-Jack's sideloader crane and substantially damaged it. As a result, ITS and MJMC had to incur substantial expense in uprighting this damaged crane; in cleaning up the loss site, including providing environmental clean-up; and in paying for repair to the container. The crane, which Mi-Jack owned, was a total loss.

9. As a result of this event, plaintiffs suffered damages in the amount of $225,000.00.

## COUNT I – NEGLIGENCE AGAINST ATLANTIC CONTAINER

10. Plaintiff reasserts the averments contained in Paragraphs 1 through 9 of this Complaint.

11. Defendant Atlantic Container owed a duty of due care to load containers for shipment by rail in a reasonably prudent manner, and in accordance with industry standards. Atlantic Container negligently failed to load, package, and ship the machinery and equipment in this container in the following ways:

> A. The contents of the container were unevenly distributed so that the container was nose-heavy. Approximately eighty percent of the weight inside the

container was in the forward 18-foot section of the container;

B. The contents of this container were not blocked and braced sufficiently;

C. Among other things, nails were not fully driven for this blocking, and some of this nail penetration was substantially less than required industry standards;

D. The machinery and equipment in the container should have been secured with triangulated ratchet straps, chain, or cables with turnbuckles. However, this machinery and equipment had been secured with box banding and with other improper and insufficient means;

E. By failing to properly inspect its loading, packaging, blocking, and bracing work; and

F. In other ways that may be disclosed during discovery.

12. As a direct and proximate result of these negligent acts and omissions by Atlantic Container, plaintiffs have suffered the previously described damages.

WHEREFORE, plaintiffs respectfully pray that they be granted judgment against defendant Atlantic Container; that they recover reasonable and just compensatory damages as to each element of damage to which they are entitled, which includes an amount of $225,000.00; that they be awarded pre-judgment interest and costs; and that they recover such other and further relief as this Court may deem just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL.**

Respectfully submitted,

COZEN O'CONNOR

By: _____ (By FCC)
Hunter C. Quick, Esquire
Tennessee Bar No.: 10584
John W. Reis, Esquire
One Wachovia Center, Suite 2100
301 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 376-3400
Fax: (704) 334-3351

CASTLE & BILLINGS, PLC

By: _____
F. Guthrie Castle, Esquire
Tennessee Bar No.: 9757
109 Tim Warner Building
6555 Quince Road
Memphis, Tennessee 38119
Telephone: (901) 756-6100
Fax: (901) 755-4159

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by e-mail this 24th day of July, 2005, on William C. Bateman, Jr., attorney for Defendant/Third-Party Plaintiff, and Harold W. McLeary, Jr., attorney for Third-Party Defendant.

_____
F. Guthrie Castle, Jr.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:05-CV-02114 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Kenneth O. Cooper
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Allan B. Thorp
THORP FONES & FRULLA, PLC
5668 S. Rex Rd.
Second Floor
Memphis, TN 38119

F. Guthrie Castle
CASTLE & ASSOCIATES
6555 Quince Rd.
Ste. 109
Memphis, TN 38119

John W. Reis
COZEN O'CONNOR
One Wachovia Center, Suite 2100
301 South College Street
Charlotte, NC 28202

William C. Bateman
BATEMAN GIBSON & CHILDERS
65 Union Ave.
Ste. 1010
Memphis, TN 38103

Hunter C. Quick
COZEN & O'CONNOR
One First Union Center
Ste. 2100
Charlotte, NC 28202

Harold W. McLeary
McLEARY DOMICO & KYLE, PLLC
100 Peabody Place
Ste. 1250
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT